**John Prather, Esq.**
State Bar No. 032694
5864 N. 83rd Street
Scottsdale, AZ 85250
Telephone: 480-296-1507
Email: johnlprather@gmail.com
*Attorney for Plaintiff Edette Heisler*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edette Heisler | ) Case No.: |
| Plaintiff, | ) |
| | ) **COMPLAINT AND JURY DEMAND** |
| vs. | ) |
| | ) |
| Sentry A.D.R. Services, LLC d/b/a A.D.R. | ) |
| Group, | ) |
| Defendant. | ) |

Plaintiff, Edette Heisler ("Plaintiff"), by and through her undersigned attorney, alleges against Sentry A.D.R. Services, LLC, d/b/a A.D.R. Group (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

3.     Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.     Plaintiff, Edette Heisler, is a natural person, who at all relevant times has resided in Desert Hills, Maricopa County, State of Arizona, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant Sentry A.D.R. Services, LLC, is a California company doing business in Arizona that, upon information and belief, does business as "ADR Group."  Defendant has a corporate mailing address as 414 W. Grand Blvd., Suite 424, Corona, CA 92878, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.     Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

7.     Upon information and belief, on a date better known to Defendant, non-party Spiegel assigned an alleged consumer debt to Defendant for collection.

8.     The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily

for personal, family or household purposes and is therefore a "debt" as that

term is defined by 15 U.S.C. §1692a(5).

9.      By letter dated May 5, 2017, Defendant sent a collection letter to

Plaintiff in an attempt to collect the alleged debt.  The relevant page of the

Collection Letter, page one, with account number redacted, is attached hereto

as Exhibit A.

10.     The Collection Letter begins with the following caption:  **<u>NOTICE</u>**

**<u>OF INTENTION TO FILE A LAWSUIT</u>**.  The first paragraph indicates

that the Defendant intends to file a lawsuit against Plaintiff "in the proper

jurisdiction."

11.     The Collection Letter, in pertinent part, further provides:

>   We strongly wish to settle this matter without court involvement,
>   so out of courtesy we are giving you this notice and Five (5) days
>   from the date of this letter to contact our office and try to come to
>   an agreement.  Please refer to the attached settlement offer for
>   further information pertaining to your account and settlement.
>   Thank you for your cooperation and consideration.  If you wish to
>   dispute this account you may do so within 30 days of the date of
>   this letter.  You must submit any disputes in writing to the
>   address listed above.  Unless you notify our office in writing
>   within (30) thirty days after receipt of this notice, with any
>   disputes on the validity of this debt, or any portion thereof, the
>   debt will be assumed to be valid.

12.     If this is an initial communication to Plaintiff, Defendant's

Collection Letter fails to advise, as required by the FDCPA, that if the

Plaintiff/consumer notifies Defendant within the 30 day period that the debt,

or any portion thereof, is disputed, then the Defendant will obtain

verification of the debt or a copy of the judgment against Plaintiff and mail same to Plaintiff.

13.      If this is an initial communication to Plaintiff, Defendant's Collection Letter fails to advise, as required by the FDCPA, that upon Plaintiff's written request within the 30 day period, Defendant will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

14.      Defendant's Collection Letter improperly states that unless Plaintiff notified Defendant in writing within 30 days of receipt of the notice, the debt will be assumed valid.  However, under 15 U.S.C. §1692g(a)(3), the statement must read that the debt would be assumed valid *by the debt collector*.

15.      Defendant's Collection Letter improperly states that if Plaintiff wished to dispute "this account," they may do so "within 30 days of the date of this letter."  This is improper since the clear statutory language of 15 U.S.C. §1692g(a)(3) requires notification that the consumer must assert those rights of dispute within 30 days of the consumer's **receipt of the notice**, not the date of the letter, which would be different.

16.      In addition, the language and urgency in the caption and five day notice regarding their offer of settlement, to avoid a lawsuit, clearly overshadows the Plaintiff's validation rights under the FDCPA, in violation of 15 U.S.C. §1692g(b).

17.      If this is an initial communication, it fails to notify Plaintiff that Defendant is a debt collector attempting to collect a debt and any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11).

18.      If this is a subsequent communication, it fails to notify Plaintiff that the communication is from a debt collector, in violation of 15 U.S.C. §1692e(11).

19.      The failures to properly notify the Plaintiff of her statutory rights, requirements, and obligations, are all violations of the FDCPA.  As such, Plaintiff has been damaged and is entitled to relief.


## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692g (a)(3)(4)(5)

20.      Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

21.      Defendant's Collection Letter fails to include the statutorily mandated language contained in 15 U.S.C. §1692g(a)(3)(4)(5) including, but not limited to, the statement that the Plaintiff may dispute the debt within 30 days of the date of the letter, rather than 30 days from Plaintiff's receipt of the letter.  The letter also falsely states that unless the Plaintiff notified Defendant in writing within 30 days of receipt of the letter that Plaintiff disputed the debt, the debt would be assumed valid.  The proper statutory

language is that in that case the debt would be assumed valid *by the debt collector*.

22.     Defendant's Collection Letter also fails to provide that if the consumer sent a written request within the thirty day period that the debt, or any portion thereof, was disputed, the debt collector/Defendant would obtain verification of the debt or a copy of the judgment against Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendant.

23.     Defendant's Collection Letter also failed to provide a statement that upon the Plaintiff's written request during the thirty day period, the debt collector/Defendant would provide the name and address of the original creditor, if different from the current creditor.

24.     Plaintiff has been damaged and is entitled to relief.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES**
**ACT**
**15 U.S.C. §1692g(b)**

25.     Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

26.     Defendant's Collection Letter indicates that Plaintiff must respond to the settlement offer within 5 days of the date of the letter or a lawsuit will be filed.  This statement overshadows Plaintiff's statutory validation rights contained in 1692g.

27.     Plaintiff has been damaged and is entitled to relief.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES**
**ACT**
**15 U.S.C. §1692e(11)**

28.     Plaintiff repeats and realleges the prior allegations as if fully set forth

    herein.

29.     If the Collection Letter is an initial communication, it failed to

disclose that it was from a debt collector attempting to collect a debt and any

information obtained will be used for that purpose.

30.     If the Collection Letter is a subsequent communication, it failed to

state that it was from a debt collector.

31.     The above constitute violations of 15 U.S.C. §1692e(11) for which

Plaintiff is entitled to relief.

**JURY TRIAL DEMAND**

    Plaintiff demands a trial by jury on all issues so triable.

**RELIEF REQUESTED**

    WHEREFORE, Plaintiff, Edette Heisler, requests that this Court enter

judgment against the Defendant as follows:

  A. That an order be entered declaring the Defendant actions, as described

      above, in violation of the FDCPA;

B.  That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C.  That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

E.  That the Court grant such other and further relief as may be just and proper.

Dated: July 10, 2017

                                        Respectfully Submitted,

                                        s/ John Prather
                                        *Attorney for Plaintiff Edette Heisler*
                                        John Prather, Esq.
                                        State Bar No. 032694
                                        5864 N. 83rd Street
                                        Scottsdale, AZ 85250
                                        Telephone: 480-296-1507
                                        Email: johnlprather@gmail.com

                                        Of Counsel to the Firm:
                                        Law Offices of Michael Lupolover, P.C.
                                        120 Sylvan Ave., Suite 303
                                        Englewood Cliffs, NJ 07632
                                        Telephone: 201-461-0059
                                        Facsimile: 201-608-7116
                                        Email: rc@lupoloverlaw.com

# EXHIBIT A

**A.D.R. GROUP**
*An Alternative Dispute Resolution Firm*

**414 W. Grand Blvd.  #424**
**Corona, Ca.  92878**
**1-800-569-3580**
info@adrdocs.com
**www.adrdocs.com**

May 5, 2017

EDETTE HEISLER                              Acct #:
37914 N 17TH DR                            Original Creditor:  *SPIEGEL*
DESERT HILLS, AZ.  85086                   Balance Due: $1027.88

# RE: NOTICE OF INTENTION TO FILE A LAWSUIT

Dear EDETTE HEISLER,

Please be advised that we fully intend on filing a complaint with the Superior court in the proper jurisdiction. This is not a threat and in no way intended to be a threat.  We have tried to settle this account with you and have exhausted our efforts which gives us no option other than to seek assistance from the courts to help resolve this matter.

Pursuant to Code of Civil Procedure 1033(b) (2), this letter advises and informs you of our intent to pursue litigation against you in the Superior Court. Please note that litigation could result in a judgment against you which may include court costs and necessary disbursements, all of which you could become responsible for as allowed under applicable Law.

We strongly wish to settle this matter without court involvement, so out of courtesy we are giving you this notice and Five (5) days from the date of this letter to contact our office and try to come to an agreement. Please refer to the attached settlement offer for further information pertaining to your account and settlement. Thank you for your cooperation and consideration. If you wish to dispute this account you may do so within 30 days of the date of this letter. You must submit any disputes in writing to the address listed above.  Unless you notify our office in writing within (30) thirty days after receipt of this notice, with any disputes on the validity of this debt, or any portion thereof, the debt will be assumed to be valid. Requests should be addressed to: ADR Group, 414 W. Grand Blvd.  #424, Corona, Ca.  92878.